No. 61,022

STATE OF KANSAS, *Appellee*, v. SCOTT CHISHOLM, *Appellant.*

(777 P.2d 753)

Opinion filed July 14, 1989.

*Steven R. Zinn*, deputy appellate defender, argued the cause, and *Jessica R. Kunen*, chief appellate defender, was with him on the briefs for appellant.

*Gabrielle M. Thompson*, assistant county attorney, argued the cause, and *Robert T. Stephan*, attorney general, was with her on the briefs for appellee.

The opinion of the court was delivered by

LOCKETT, J.: In *State v. Chisholm*, 243 Kan. 270, 755 P.2d 547 (1988), this court unanimously affirmed appellant Scott Chisholm's convictions of two counts of aggravated incest in violation of K.S.A. 21-3603. One of the issues of the case was whether Chisholm's Sixth Amendment right to confront his accuser was

violated when the trial court allowed the child witness to testify via closed-circuit television pursuant to K.S.A. 22-3434. We held it was not. Subsequently, the United States Supreme Court ruled on a similar issue in *Coy v. Iowa,* 487 U.S. 1012, 101 L. Ed. 2d 857, 108 S. Ct. 2798 (1988). Thereafter, Chisholm appealed the issue to the United States Supreme Court, where our decision in *Chisholm* was vacated and remanded for further consideration in light of *Coy. Chisholm v. Kansas,* _____ U.S. _____, 102 L. Ed. 2d 523, 109 S. Ct. 486 (1988).

The facts as set out in *Chisholm,* 243 Kan. 270, are summarized here. Chisholm was accused of molesting his 8-year-old stepdaughter. A videotape of the stepdaughter's statement to police and SRS workers was shown at the preliminary hearing. The stepdaughter also testified at the preliminary hearing and was subjected to cross-examination in the presence of Chisholm.

Before trial, the State, after noting that the stepdaughter was less than 13 years old and had expressed fear of Chisholm, moved that the stepdaughter's testimony be taken by closed-circuit television pursuant to K.S.A. 22-3434. The statute states in part:

"**Videotape of testimony of child victim admissible in certain cases; limitations; objections, restrictions.** (a) On motion of the attorney for any party to a criminal proceeding in which a child less than 13 years of age is alleged to be a victim of the crime, the court may order that the testimony of the child be taken:

"(1) In a room other than the courtroom and be televised by closed-circuit equipment in the courtroom to be viewed by the court and the finder of fact in the proceeding; . . .

. . . .

"(b) At the taking of testimony under this section:

"(1) Only the attorneys for the defendant, the state and the child, any person whose presence would contribute to the welfare and well being of the child and persons necessary to operate the recording or closed-circuit equipment may be present in the room with the child during the child's testimony;

"(2) only the attorneys may question the child;

"(3) the persons operating the recording or closed-circuit equipment shall be confined to an adjacent room or behind a screen or mirror that permits them to see and hear the child during the child's testimony but does not permit the child to see or hear them; and

"(4) the court shall permit the defendant to observe and hear the testimony of the child in person, but shall ensure that the child cannot hear or see the defendant.

"(c) If the testimony of a child is taken as provided by this section, the child shall not be compelled to testify in court during the proceeding."

The district court noted the statute makes the decision discre-

tionary with the court and held that, although the statute did not set out the criteria to be applied in the exercise of discretion, the statute's non-mandatory language required the State to show why its request should be granted.

The State replied the stepdaughter had told a social worker, the prosecutor, and her mother that she was afraid of Chisholm. The State believed one of the purposes of the statute was to save a child-victim from multiple confrontations with her alleged abuser. The State compared the coherent, detailed testimony of the stepdaughter on the videotape when she was interviewed by a social worker to her frightened and uncommunicative testimony when she was examined in the courtroom in Chisholm's presence during the preliminary examination. The State argued the chances of her giving coherent testimony at trial if face-to-face with Chisholm were "dim."

The trial court had viewed the stepdaughter's demeanor on the videotape and her demeanor when confronted with Chisholm and held that, because the contrast was so great, it was appropriate for her to testify on closed-circuit television to avoid confronting Chisholm again.

At trial, the stepdaughter testified in a special room in which she could not see Chisholm and the cameraman in a booth. Her direct testimony was subject to contemporaneous objection by defense counsel, who was in the room with her. The judge could communicate with the attorneys by means of a connected cable. The judge and jury watched the testimony on television screens. Chisholm privately conferred with his attorney in a separate room before the attorney began his cross-examination of the stepdaughter.

The jury found Chisholm guilty of two counts of aggravated incest, and Chisholm was given a suspended sentence and placed on four years' probation under intensive supervision.

On appeal, Chisholm argued K.S.A. 22-3434 violated the Sixth Amendment of the United States Constitution by not requiring the trial court to make a specific finding that closed-circuit testimony was necessary in order for the child witness to give *any* testimony. He argued the State's contention that his stepdaughter was so frightened of him as to be *"almost* unable to give any testimony" was insufficient to meet its burden of showing the necessity of closed-circuit testimony.

We held Chisholm's argument, that K.S.A. 22-3434 required that the witness be unavailable, was contrary to our previous decision in *State v. Johnson,* 240 Kan. 326, 729 P.2d 1169 (1986), *cert. denied* 481 U.S. 1071 (1987). We noted the statute preserved the defendant's and the jury's freedom to fully observe the witness' testimony and demeanor; therefore, cross-examination was fully available. We found the only indicia of reliability missing was that the complaining witness was not forced to look at the defendant as she gave her testimony. While face-to-face confrontation may encourage truthfulness in an adult, the legislature had found that, in certain instances, the truth would be more likely obtained from a child under the age of 13 if the child were spared the trauma of facing an overpowering and angry adult.

Soon after our decision in *Chisholm,* the United States Supreme Court decided *Coy v. Iowa.* In *Coy,* a 6-2 Court held that a screen placed between child witnesses and a defendant charged with lascivious acts with children violated the defendant's Sixth Amendment right of face-to-face confrontation. The screen had been erected pursuant to Iowa Code § 910A.14 (1987), which allowed the trial court discretion in ordering the screen. The defendant could observe the children through the screen, but the children could not see the defendant. As in *Chisholm,* the witnesses were subjected to full cross-examination under oath and their demeanor was observed by the defendant, the court, and the jury.

In a departure from previous rulings focusing on the reliability of testimony, the United States Supreme Court held the Sixth Amendment's Confrontation Clause protected the defendant's right of literal face-to-face confrontation with the witness against him. See Massaro, *The Dignity Value of Face-to-Face Confrontations,* 40 U. Fla. L. Rev. 863, 893 (1988).

In a plurality opinion, Justice Scalia, joined by Justices Brennan, Marshall, and Stevens, held the defendant cannot be denied the right of face-to-face confrontation where there has been no individualized finding that the witness needs special protection from trauma. The Iowa statute, which created a generalized presumption of trauma to a child-victim witness, was not enough in itself to create an exception, as such an exception is not, like the exceptions for dying declarations and other out-of-court

statements, " 'firmly . . . rooted in our jurisprudence.' " 101 L. Ed. 2d at 867.

Justice Scalia's opinion left "for another day" the question of whether any exception to the right of face-to-face confrontation exists. Such exceptions do exist under Kansas law, as evidenced by K.S.A. 1988 Supp. 60-460 and other statutory exceptions to the right of confrontation. Without stating that the right of face-to-face confrontation is absolute, Justice Scalia makes it clear, however, that child-victim witness exceptions will be allowed "only when necessary to further an important public policy," and that such exceptions must be based on individualized findings of need. 101 L. Ed. 2d at 867.

The Court noted that other types of violations of the Confrontation Clause are subject to the harmless error standard of *Chapman v. California*, 386 U.S. 18, 24, 17 L. Ed. 2d 705, 87 S. Ct. 824 (1967), 24 A.L.R.3d 1065. The majority then held denial of the right of face-to-face confrontation is subject on appeal to an assessment as to whether the error was harmless beyond a reasonable doubt, and remanded that issue to the Iowa Supreme Court.

Justice O'Connor concurred, joined by Justice White, emphasizing that "nothing in today's decision necessarily dooms [the] efforts by state legislatures to protect child witnesses." 101 L. Ed. 2d at 868. The concurrence stated that the denial of face-to-face confrontation would be constitutional if the trial court made a case-specific finding that the denial was *necessary* to further the important public policy of protecting child-victim witnesses. 101 L. Ed. 2d at 869.

Justice Blackmun's dissent to the majority opinion was joined by Chief Justice Rehnquist. Justice Blackmun agreed with the concurring opinion that a State properly may consider the protection of child witnesses to be an important public policy, but indicated that this important public policy, embodied in the Iowa statute, outweighs the confrontation right at issue. Justice Blackmun considered the Iowa statute to be one of the many rules allowing the admission of out-of-court statements. 101 L. Ed. 2d at 874. Justice Kennedy did not participate in the decision.

The right to confront a witness under the Kansas and United States Constitutions includes the right of the accused to face-to-

face confrontation while a victim/accuser is testifying against the accused. The fundamental right of a defendant to confront a witness in a criminal trial is not absolute and has exceptions where necessary to further an important public policy. *State v. Eaton*, 244 Kan. 370, Syl. ¶¶ 1, 2, 769 P.2d 1157 (1989). We do not consider Justice Scalia's question in *Coy* as to whether there is any exception to the right of face-to-face confrontation. Until the United States Supreme Court determines there is no exception to the right of face-to-face confrontation, as evidenced by K.S.A. 1988 Supp. 60-460 and other statutory exceptions to the right of confrontation, such exceptions continue to exist under Kansas law. K.S.A. 1988 Supp. 60-460(dd) and K.S.A. 22-3434 are two of the many statutory rules allowing the admission of out-of-court statements as evidence.

We heard the case of *State v. Eaton*, 244 Kan. 370, after *Coy* was decided. In a unanimous decision written by Justice Allegrucci, we reversed a defendant's convictions of aggravated criminal sodomy and indecent liberties with a child because the 7-year-old witness' testimony had been given via closed-circuit television pursuant to K.S.A. 22-3434 in circumstances similar to this case. We held the testimony offended *Coy* because the trial court had not made the required finding of necessity.

Though our statute may be apparently void on its face, we denied the defendant's challenge to the constitutionality of the statute and upheld the statute, finding the intent of the legislature could be constitutionally carried out by reading into the statute the individualized determination required by *Coy*. See *In re Adoption of Baby Boy L.*, 231 Kan. 199, 223, 643 P.2d 168 (1982). To meet the requirements of *Coy*, the trial judge must first make an individualized finding that there is clear and convincing evidence that to require a child to testify in open court will so traumatize the child as to prevent the child from reasonably communicating to the jury or render the child unavailable to testify. Only after such a finding is made by the trial court can the State proceed under the provisions of K.S.A. 22-3434. 244 Kan. at 384-85.

Justice O'Connor, in her concurring opinion, and Justice Blackmun, in his dissent, recognized that the protection of child witnesses from "the harsh atmosphere of the typical courtroom" is an important public policy justifying an exception to the

Confrontation Clause. 101 L. Ed. 2d at 868-74. There is no doubt that the procedure authorized by K.S.A. 22-3434 is a legislative statement deemed necessary to further an important public policy of this state, *i.e.*, to protect the child from the trauma of facing the alleged attacker. The legislature intended to protect not only the child who is so traumatized by the face-to-face confrontation with the accused that the child would be unable to communicate, but also to protect the child where face-to-face confrontation with the defendant could cause psychological harm to the child-victim. In an effort to obtain this goal, the legislature enacted two statutes. First, to protect the child who is so traumatized by the face-to-face confrontation with the accused that the child would be unable to communicate, it enacted K.S.A. 1988 Supp. 60-460(dd) as another exception to the rule against hearsay evidence. Second, it enacted K.S.A. 22-3434 to protect the child where face-to-face confrontation with the defendant could cause psychological harm to the child-victim.

In *Coy* and *Eaton*, the trial courts were unaware that the United States Supreme Court would subsequently place restrictions on the use of the statute and did not make individualized findings that the trauma to the child witness outweighed the defendant's right of confrontation. In contrast, the trial court in *Chisholm* gave individualized attention to the trauma the step-daughter had evidenced when faced with the defendant. There, the trial court also expressed obvious concern that the rights of the defendant not be limited without a showing by the State that the needs of the child outweighed the defendant's right of face-to-face confrontation.

In *State v. Kuone*, 243 Kan. 218, 757 P.2d 289 (1988), we examined the legislature's child-victim witness exception to the rule against admission of hearsay evidence. *Kuone* dealt with a mentally ill and retarded eleven-year-old whose out-of-court statements were introduced by the State pursuant to 60-460(dd). We recognized the defendant's right of confrontation but determined that certain factors could be used to determine whether a witness is "unavailable," under 60-460(dd)'s exception to the hearsay rule, because of psychological trauma or disability. The factors to be considered are: (1) the probability of psychological injury as a result of testifying; (2) the degree of anticipated injury; (3) the expected duration of the injury; and (4) whether

the expected psychological injury is substantially greater than the reaction of the average victim of a rape, kidnapping, or other violent act. Other factors may also be relevant. 243 Kan. 218, Syl. ¶ 2. We held there was sufficient evidence of "unavailability" under these factors to allow the statements. 243 Kan. at 229.

Later, in *Eaton*, we recognized that pursuant to *Coy*, in order to justify the use of closed-circuit television under 22-3434, the factors stated in *Kuone* and other factors are relevant to the trial court's determination of whether the face-to-face confrontation between the child-victim and the accused would or could cause psychological injury to the child. Prior to permitting the child-victim to testify via closed circuit television pursuant to 22-3434, both *Coy* and *Eaton* require the State to show, and the trial court to specifically find, that the possible psychological injury to the child witness in the particular case outweighs the right of the defendant to a face-to-face confrontation. Neither *Coy* nor *Eaton* goes so far as to require the trial court to specifically find that the child's trauma is so great the child cannot reasonably *communicate* and therefore is unavailable as a witness, as under 60-460(dd).

Because he was unaware of the subsequent requirement of individualized findings of trauma imposed by *Coy* and *Eaton*, the trial judge made no such findings. He merely determined that the statutory requirements of 22-3434 had been met and allowed the child-victim to testify via closed-circuit television. From the record on appeal, we are unable to determine whether there is sufficient evidence for the trial court to make the individualized finding that trauma to the child outweighs the accused's right of confrontation and allows the child-victim to testify via closed-circuit television. We therefore remand the matter to the trial judge for an examination of the record to determine whether the State's public policy interest in protecting child victims of sex crimes is sufficient to justify an exception to a defendant's right of confrontation. If after examining the record in light of *Coy* and *Eaton*, the trial court is able to make the necessary individualized findings as to the probability, degree, and duration of psychological injury to the child, the convictions will stand. If there is not sufficient evidence in the record for the trial judge to make the necessary individualized findings to deny the defendant his right of face-to-face confron-

tation, the convictions must be vacated and the defendant granted a new trial.

Remanded for further consideration by the trial court.

HERD, J., concurring and dissenting: I concur with all of the majority opinion except I would hold the trial court's finding that testimony of the child-victim by closed circuit television was appropriate under the circumstances of this case was a sufficient finding of necessity to comply with *Coy* and *Eaton*. The trial court's understanding of and respect for the defendant's right of face-to-face confrontation caused it to require an individualized hearing on the needs of the child victim, with the State bearing the burden of showing why the protective provisions of K.S.A. 22-3434 should be implemented. I would hold that the record on appeal shows the trial court made an individualized finding of trauma to the child which outweighed the defendant's right of confrontation. Thus, the child would constitutionally qualify to testify by closed-circuit television. I would affirm.