410

(792 P.2d 355)

No. 63,821

STATE OF KANSAS, *Appellee*, v. THOMAS L. MCCLANAHAN, *Appellant.*

Opinion filed May 18, 1990.

*Thomas Jacquinot*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Mark A. Knight*, assistant district attorney, *James E. Flory*, district attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before REES, P.J., DAVIS and ELLIOTT, JJ.

REES, J.: Defendant Thomas L. McClanahan appeals from his jury conviction of indecent liberties with a child (K.S.A. 1989 Supp. 21-3503[1][a] or [b]) committed in November to December 1987.

At trial, the State introduced damning hearsay evidence, testimonial evidence of out-of-court statements made by the child victim declarant, L.S., to prove the truth of the matter stated. The evidence was admitted under the K.S.A. 1989 Supp. 60-460(dd) hearsay exception.

Presently pertinent are these statutory provisions:

K.S.A. 60-407

"Except as otherwise provided by statute (a) every person is qualified to be a witness, and . . . (c) no person is disqualified to testify to any matter . . . ."

K.S.A. 60-417

"A person is disqualified to be a witness if the judge finds that . . . the proposed witness is incapable of expressing himself or herself concerning the matter so as to be understood by the judge and jury . . . ."

K.S.A. 1989 Supp. 60-460

"Evidence of a statement which is made other than by a witness while testifying at the hearing, offered to prove the truth of the matter stated, is hearsay evidence and inadmissible except:

. . . .

· "(dd) . . . In a criminal proceeding . . . a statement made by a child, to prove the crime . . . if:

"(1) The child is alleged to be a victim of the crime . . .; and

"(2) the trial judge finds, after a hearing on the matter, that [1] the child is disqualified or unavailable as a witness, [2] the statement is apparently reliable and [3] the child was not induced to make the statement falsely by use of threats or promises."

K.S.A. 60-459

"As used in K.S.A. [1989 Supp.] 60-460, its exceptions and in this section:

. . . .

"(g) 'Unavailable as a witness' includes situations where the witness is . . . (2) disqualified from testifying to the matter . . . ."

The child victim, L.S., was approximately five years and six months of age at the time of the alleged offense. She was approximately five years and eight months of age when the preliminary hearing was held some two months later, in February 1988, and six years and seven months of age when the case was tried in January 1989.

At the preliminary hearing, L.S. was questioned by the State and defense counsel. Based upon her responses and, in particular, her demonstrated inability to respond to posited inquiries, the trial judge held that L.S. was not "competent" to testify as a witness. In effect, the trial judge ruled that L.S. was disqualified to be a witness upon a finding that she was "incapable of expressing . . . herself . . . so as to be understood." See K.S.A. 60-417. Thus, in February 1988, she was held to then be "unavailable as a witness" as K.S.A. 60-459(g)(2) defines that phrase. Accordingly, it was held in February 1988 that L.S. then was a child victim that was "disqualified or unavailable as a witness" for the purposes of the K.S.A. 1989 Supp. 60-460(dd) hearsay exception.

When the case came on for trial in January 1989, some eleven months after the preliminary hearing, a "dd hearing" was conducted prior to the State's proffer of the challenged hearsay evidence. At that hearing, the trial judge found and held that the child victim hearsay evidence to be proffered by the State involved statements made by L.S. that were apparently reliable and that L.S. had not been induced to make them falsely by threat or promise. See K.S.A. 1989 Supp. 60-460(dd).

Of particular importance, at the January 1989 trial "dd hearing," the trial judge declined to again consider the question whether L.S. was disqualified or unavailable to be a witness. Instead, the trial judge ruled that having found in February 1988 that L.S. then was "disqualified to be a witness," she continued to be disqualified or unavailable as a witness in January 1989.

At the February 1988 preliminary hearing, the trial judge had stated:

"Four times she was unable to answer the question as to where he touched her, and we proceeded to reduce her to something less than the cheerful little girl that first came into the courtroom.

"I determine from what I witnessed in the courtroom here from the witness stand that that child is incompetent to testify about the allegations set forth with regard to sexual abuse on the part of this defendant. She is therefore unavailable . . . ."

The transcript of the trial "dd hearing" in January 1989 reports this:

"[DEFENSE COUNSEL]: . . . With regard to [L.S.'] out-of-court declaration, there's been no showing that she's unavailable as of today. . . . [T]his Court has no competent evidence upon which it can conclude that as of this day she's unavailable. . . . [I]t has been almost one year since the Court last took a look at [L.S.], and she has had an opportunity to mature to the point that it would be pure speculation for the Court to extrapolate what she may have demonstrated in February of '88 is exactly the same as it is now. . . .

. . . .
"[THE COURT:] . . . [Counsel] raises [a] . . . legal question, which I would paraphrase as what requirement is there upon the Court to update a Double D hearing to shortly before the actual trial. In this case there was considerable delay from the initial preliminary hearing, . . . for good reason, . . . now here we are again in January . . . and eleven months have gone by since the Double D hearing. From what I remember of what was then a five-year-old little girl, I don't feel compelled to bring her back in again at six and put her through the same ordeal. I know of no require-

ment that she has to go through it twice, and I continue to believe that she's unavailable as a witness. . . . The unavailability in this case is not because she's someplace else. . . . This child is considered to be unavailable because I have determined she's incompetent to testify and not because of where she is."

These various rulings are summarized in the journal entry of judgment as follows:

"[O]n this 18th day of February, 1988, this matter comes on for preliminary hearing . . . .

"[T]he State requests a hearing pursuant to K.S.A. 60-460(dd) in conjunction with the preliminary hearing.

"[T]he State presents evidence.

"[T]he Court determines that [the] alleged victim is incompetent to testify.

. . . .

"[O]n this 23rd day of January, 1989, this matter comes on for jury trial . . . .

. . . .

"[T]he State requests a hearing pursuant to K.S.A. 60-460(dd) regarding statements made by the alleged victim.

"[T]he State presents evidence . . . .

"[T]he Court finds the motion pursuant to K.S.A. 60-460(dd) should be granted in that the statements appear to be reliable."

It is our opinion, and we hold, that the trial judge erred in admitting the child victim hearsay evidence at the January 1989 trial. The flaw in his decision to admit the hearsay evidence under K.S.A. 1989 Supp. 60-460(dd) was his reliance upon his February 1988 determination that L.S. then was "disqualified or unavailable as a witness."

Admittedly, L.S. was quite young both in February 1988 and in January 1989. Further, it may be assumed that a second "dd hearing" in January 1989 on the question of witness disqualification or unavailability would entail a risk that it would prove to be unpleasant and emotionally disturbing to L.S. Nonetheless, to make the necessarily implicit finding that L.S.' capability to express herself so as to be understood had not increased or improved by her maturation over that period of almost a year was speculative at best. And counterbalancing well-intentioned deference to a risk of upsetting L.S. is consideration of the defendant's Sixth Amendment right of confrontation.

An accused's constitutional right of confrontation in sexual abuse cases has been the subject of judicial attention in several recent

appellate decisions. Included among these are *Coy v. Iowa*, 487 U.S. 1012, 101 L. Ed. 2d 857, 108 S.Ct. 2798 (1988); *State v. Siard*, 245 Kan. 716, 783 P.2d 895 (1989); *State v. Chisholm*, 245 Kan. 145, 777 P.2d 753 (1989); *State v. Eaton*, 244 Kan. 370, 769 P.2d 1157 (1989).

Plainly, the admission of hearsay evidence under K.S.A. 1989 Supp. 60-460(dd) in cases such as the one before us impinges upon the accused's right of confrontation. But, as said in *Siard*, those cases teach:

"[T]he confrontation clause of the Sixth Amendment guarantees the defendant the right to a face-to-face confrontation with the witnesses against him during trial. . . . [T]here may be occasions when an important public policy requires exceptions to the general rule. . . .

". . . In *Eaton*, 244 Kan. 370, we held:

" 'The right to confrontation of a witness under the Kansas and United States Constitutions includes the right of the accused to face-to-face confrontation while a victim/accuser is testifying against the accused.' Syl. ¶ 1.

" 'The fundamental right of a defendant to confront a witness in a criminal trial is not absolute and has exceptions where necessary to further an important public policy.' Syl. ¶ 2.

. . . .

"[B]efore a defendant may be deprived of a face-to-face confrontation of the victim at trial the State must show an important public policy consideration for doing so." 245 Kan. at 719-20.

Although *Coy, Siard, Chisholm*, and *Eaton* concern the screening of the child victim witness and the accused from one another at trial, it remains that those cases teach that the accused's right of confrontation is not to be taken lightly. In *Coy*, this appears:

"[T]he Confrontation Clause guarantees the defendant a face-to-face meeting with witnesses appearing before the trier of fact. . . . [W]e have described the 'literal right to "confront" the witness at the time of trial' as forming 'the core of the values furthered by the Confrontation Clause.' . . .

. . . .

"The perception that confrontation is essential to fairness has persisted over the centuries because there is much truth to it. . . . "[F]ace-to-face presence may, unfortunately, upset the truthful rape victim or abused child; but by the same token it may confound and undo the false accuser, or reveal the child coached by a malevolent adult. It is a truism that constitutional protections have costs." 487 U.S. at 1016-1020.

Given the defendant's constitutional guarantee of the right of confrontation, we conclude that the trial judge erred in rejecting the defendant's request for a second "dd hearing" on the subject

of the child victim's disqualification or unavailability at the time of trial. The hearing denied would have been analogous to a *Jackson v. Denno* hearing. Absent resolution of the disqualification or unavailability question establishing fulfillment of the prerequisites of K.S.A. 1989 Supp. 60-460(dd), the challenged hearsay evidence was inadmissible.

With reluctance, we conclude that we must remand this case for a new trial. Just as it was incorrect for the trial judge to determine that the child victim was an unavailable witness in January 1989 on the ground that she had been found to be unavailable eleven months previously, it would not be appropriate to remand the case for a hearing to now determine whether she was disqualified or unavailable at the time of trial in January 1989.

It has not been suggested that we affirm this case on the ground of harmless error. Even if that were suggested, we could not agree to that disposition. We do not see that the error was harmless.

In view of our conclusion that this case must be remanded for a new trial, we need not and do not address the defendant's contention that the trial judge erred in declaring a mistrial when the case first came on for trial in September 1988.

Reversed and remanded for a new trial.