(798 P.2d 506)
No. 64,357

STATE OF KANSAS, *Appellee,* v. CECIL EDWARD LAMB, *Appellant.*

Opinion filed September 14, 1990.

*Emilie G. Atkins,* legal intern, Kansas Appellate Practice Clinic, of Lawrence, and *Steven R. Zinn,* deputy appellate defender, and *Jessica R. Kunen,* chief appellate defender, of Topeka, for appellant.

*Susan G. Stanley,* assistant attorney general, and *Robert T. Stephan,* attorney general, for appellee.

Before BRAZIL, P.J., RULON and LEWIS, JJ.

BRAZIL, J.: Cecil Edward Lamb appeals his conviction of indecent liberties with a child, K.S.A. 1989 Supp. 21-3503, contending the trial court erred in admitting videotaped testimony. We affirm.

Lamb was charged with indecent liberties with a child, K.S.A. 1989 Supp. 21-3503, and aggravated criminal sodomy, K.S.A. 21-3506, based upon allegations made by J.S., his seven-year-old stepdaughter. J.S., while visiting her biological father, told police that Lamb had touched and fondled her vagina and had made her place his penis in her hand. J.S. was later interviewed by state social worker Bobbi Wiltse. J.S. repeated the allegations. This interview was videotaped and consisted of J.S. indicating,

either verbally or by drawings, what Lamb had allegedly done to her. The drawings were both J.S.'s own rendition of Lamb's appearance as well as anatomically correct drawings of a man and a little girl, which J.S. marked to indicate where Lamb had touched her. This videotaped interview was later introduced at trial.

Prior to being charged, Lamb stated that in February 1988 he had fondled J.S.'s vagina. Lamb also stated that, at a later date, J.S. had disrobed in his presence, unzipped his pants, and attempted to put her mouth on his penis. Lamb stated that in both instances he had been drinking heavily. Following this interview, Lamb was formally charged.

At trial, the prosecution sought to introduce testimony of the investigating officers and social worker Wiltse to provide foundation for the introduction of J.S.'s videotaped interview. Defense counsel objected to the testimony pursuant to K.S.A. 1989 Supp. 60-460(a), which requires that the declarant be made available for cross-examination. The prosecution then elected to have J.S. testify before putting on any further evidence. J.S. testified about the pictures she had drawn and marked during the videotaped interview. J.S. became confused, frightened, and nonresponsive during the prosecution's questioning. She apparently confused the jurors as being Lamb's brothers and sisters. Eventually, all parties agreed that J.S. should not be forced to remain on the stand.

During a hearing conducted outside the presence of the jury, defense counsel asked that J.S. either be found unavailable pursuant to K.S.A. 1989 Supp. 60-460(dd) or that she remain available for cross-examination. The trial judge seemed uncertain which hearsay exception to apply. The court appeared to conclude that J.S. was unavailable under K.S.A. 1989 Supp. 60-460(dd). The court, however, gave defense counsel the option of recalling J.S. for cross-examination. The prosecution again proceeded with foundation evidence for the videotaped interview with J.S., after which the video was played for the jury. That video was followed by a video of J.S.'s cross-examination by Lamb's attorney at the preliminary hearing. Lamb contends he was not present at the cross-examination. Near the end of trial, the court retracted its K.S.A. 1989 Supp. 60-460(dd) unavailability conclusion and reiterated that counsel could recall J.S. for cross-examination. The

defense objected, based upon its reliance on the court's 60-460(dd) ruling. The court overruled the objection, stating that defense counsel had been given the opportunity to cross-examine J.S. throughout the proceedings.

The jury found Lamb guilty of indecent liberties and not guilty of aggravated sodomy, and he was sentenced to a term of three to twenty years.

Lamb filed a motion for new trial based upon the uncertainty surrounding the State's introduction of hearsay testimony. Defense counsel argued that the court, by simultaneously ruling that J.S. was unavailable yet subject to cross-examination, had denied Lamb a fair trial.

The trial judge denied he had made a 60-460(dd) finding and stated that he had complied ex post facto with *State v. Eaton*, 244 Kan. 370, 769 P.2d 1157 (1989) (An exception to the right to confrontation exists where the trial court makes an individualized finding that requiring a child to testify will so traumatize the child as to prevent the child from reasonably communicating to the jury.). The trial judge elaborated that his comment regarding J.S.'s unavailability was merely a comment upon J.S.'s behavior on the stand. The trial judge explained that he offered defense counsel the opportunity to cross-examine J.S. because the prosecution had questioned her on direct examination.

Lamb contends the trial court denied his Sixth Amendment right to confrontation by admitting hearsay testimony without the requisite showing that the alleged child victim would suffer psychological trauma if required to testify in court. The State contends the court did make the requisite finding that the child was traumatized and that Lamb had the opportunity to recall J.S. for cross-examination.

The standard of review, as stated in the reconsideration of *State v. Chisholm*, 245 Kan. 145, 777 P.2d 753 (1989) (citing *Coy v. Iowa*, 487 U.S. 1012, 101 L. Ed. 2d 857, 108 S. Ct. 2798 [1988]), is whether the denial of the right to face-to-face confrontation is harmless beyond a reasonable doubt.

The instant case implicates the Sixth Amendment's confrontation clause and evolving Kansas and federal case law concerning admissibility of videotaped interviews and testimony. The trial took place February 16 and 17, 1989. The Kansas Supreme Court

decided *State v. Eaton*, 244 Kan. 370, on March 3, 1989, and the reconsideration of *State v. Chisholm*, 245 Kan. 145, on July 14, 1989. The case chronology is important in viewing the trial judge's actions and statements during trial.

The Sixth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment, provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him."

The United States Supreme Court observed in *Coy v. Iowa* that "the Confrontation Clause guarantees the defendant a face-to-face meeting with witnesses appearing before the trier of fact." 487 U.S. at 1016. The Kansas Supreme Court has reasoned that the right of confrontation includes the right to cross-examine and the right to observe an accuser face-to-face. However, the right to cross-examine is the more critical right. *State v. Johnson*, 240 Kan. 326, 329, 729 P.?d 1169 (1986), *cert. denied* 481 U.S. 1071 (1987). The court has iso determined that holdings and analysis regarding K.S.A. 1989 Supp. 60-460(dd) are relevant when examining K.S.A. 22-3433 and K.S.A. 22-3434 because all three statutes concern the admissibility of videotaped statements and testimony. 240 Kan. at 329.

The statutes in question prcvide for the admission of a prior videotaped recording of a statement made by a child alleged to be the victim of a crime if specific procedures are followed. K.S.A. 22-3433 provides for the admission of statements made prior to the initiation of criminal proceedings. It states:

"(a) In any criminal proceeding in which a child less than 13 years of age is alleged to be a victim of the crime, a recording of an oral statement of the child, made before the proceeding began is admissible in evidence if:

"(1) The court determines that the time, content and circumstances of the statement provide sufficient indicia of reliability;

"(2) no attorney for any party is present when the statement is made;

"(3) the recording is both visual and aural and is recorded on film or videotape or by other electronic means;

. . . .

"(7) the person conducting the interview of the child in the recording is present at the proceeding and is available to testify or be cross-examined by any party; [and]

. . . .

"(9) the child is available to testify.

"(b) If a recording is admitted in evidence under this section, any party to the proceeding may call the child to testify and be cross-examined, either in the courtroom or as provided by K.S.A. 1985 Supp. 22-3434 and amendments thereto."

K.S.A. 22-3434 states:

"(a) On motion of the attorney for any party to a criminal proceeding in which a child less than 13 years of age is alleged to be a victim of the crime, the court may order that the testimony of the child be taken:

. . . .

"(2) outside the courtroom and be recorded for showing in the courtroom before the court and the finder of fact in the proceeding if: (A) The recording is both visual and aural and is recorded on film or videotape or by other electronic means . . . .

"(b) At the taking of testimony under this section:

"(1) Only the attorneys for the defendant, the state and the child, any person whose presence would contribute to the welfare and well-being of the child and persons necessary to operate the recording or closed-circuit equipment may be present in the room with the child during the child's testimony;

"(2) only the attorneys may question the child."

The admissibility question centers on J.S.'s videotaped statement. K.S.A. 1989 Supp. 60-460(dd) appears to be implicated because it concerns the admissibility of "a statement made by a child." K.S.A. 1989 Supp. 60-460(dd) differs from the other two statutes because it will admit videotaped testimony of a child only after the trial judge holds a hearing and finds the child is unavailable as a witness. Because the trial judge made no finding of unavailability, K.S.A. 1989 Supp. 60-460(dd) is inapplicable to the admission of the videotape. The tape, however, is admissible under K.S.A. 22-3433.

*Coy* left open the possibility that the core right to face-to-face confrontation was an absolute right not subject to exceptions. The Court stated if any exceptions to the right exist "they would surely be allowed only when necessary to further an important public policy." 487 U.S. at 1021. The Court noted that any possible exception would also require the trial court to make an individualized finding the child witness needed special protection. 487 U.S. at 1021.

The confusion here between the trial judge and counsel stemmed from the unresolved status of both *State v. Eaton* and *State v. Chisholm* prior to the announcement of the decision in

*Coy.* The trial judge and counsel for both parties had repeated discussions regarding which statute was applicable. During J.S.'s testimony on the stand, the court seemed to conclude J.S. had become unavailable for purposes of K.S.A. 1989 Supp. 60-460(dd). However, the judge also stated, "I think she's available for cross-examination later . . . ." The court also stated it was up to defense counsel to recall J.S. for cross-examination. Later, the trial judge specifically stated that the requisite pretrial hearing pursuant to 60-460(dd) was not held and J.S.'s unavailability had not been determined. The court reiterated that defense counsel maintained the right to cross-examine J.S. During the same exchange between defense counsel and the trial judge, the judge stated, "[B]ut I can't see how I misled you. . . . [The videotape is] admissible under a whole different statute."

Toward the close of trial, the judge made his most unambiguous statement regarding K.S.A. 1989 Supp. 60-460(dd). The judge stated:

"Well, I been thinking about this, and even though I might have said something about this child doesn't look like she's available under double D at the time, State chose to call her, and they called her. And it wasn't a double D hearing. It was in front of the jury for purposes of presenting evidence. And I think that if you want to call her and cross-examine her, you've got a right to . . . ."

Although the court did not clearly articulate which statute was applicable, it did emphasize that J.S. was available for cross-examination. The judge left the decision of whether to cross-examine J.S. up to defense counsel. The court conducted a pretrial hearing and entertained evidence of the trauma J.S. likely would suffer on the stand. Social worke. Wiltse testified at the hearing that J.S. was timid, scared, and isolated from her siblings. At the conclusion of the hearing, the trial judge admitted J.S.'s videotaped statement.

The Kansas Supreme Court has found both K.S.A. 22-3433 and 22-3434 constitutional, providing the trial court finds that in-court, face-to-face testimony by the child-victim witness would so traumatize the child as to prevent the child from reasonably communicating or would render the child unavailable to testify. *State v. Chisholm*, 245 Kan. at 152; *State v. Eaton*, 244 Kan. at 384-85; *State v. Johnson*, 240 Kan. 326. These statutes provide for

the admission of a videotaped statement of a child victim where the child is available to testify and be cross-examined, and "if the court determines that the time, content, and circumstances of the statement provide sufficient indicia of reliability." 240 Kan. at 331. Cross-examination is safeguarded by allowing it either in the courtroom or as provided by K.S.A. 22-3434. 240 Kan. at 332. The defense counsel had cross-examined J.S. at the preliminary hearing and had an opportunity to cross-examine her at trial but declined to do so. J.S. was hesitant on the stand, but the court made no finding of unavailability. Counsel's decision not to cross-examine J.S. may have stemmed from his fear of appearing to badger the witness. Defense counsel stated, "[T]he defendant chooses not to recall her for further cross-examination for the reason that it might unnecessarily inflame the jury."

Following the resolution of State v. Eaton and State v. Chisholm, it is clear that "[t]he fundamental right of a defendant to confront a witness in a criminal trial is not absolute and has exceptions where necessary to further an important public policy." State v. Chisholm, 245 Kan. at 150. Further, the United States Supreme Court has very recently revisited this issue in Maryland v. Craig, _____ U.S. _____ , 111 L. Ed. 2d 666, 110 S. Ct. 3157 (1990), a child sex abuse case. The case involved a statutory procedure similar to K.S.A. 22-3434 but which required the trial judge to first " 'determin[e] that testimony by the child victim in the courtroom will result in the child suffering serious emotional distress such that the child cannot reasonably communicate.' " 111 L. Ed. 2d at 675. The court determined that the " 'Confrontation Clause reflects a *preference* for face-to-face confrontation at trial,' [citation omitted] a preference that 'must occasionally give way to considerations of public policy and the necessities of the case.' " 111 L. Ed. 2d at 681. Justice O'Connor, writing for the majority, reiterated that the court has recognized the State's interest in " 'the protection of minor victims of sex crimes from further trauma and embarrassment.' " 111 L. Ed. 2d at 683. The Court ruled that, where the State makes an adequate showing of necessity, the State is justified in using special procedures that permit a child witness to testify in the absence of a face-to-face confrontation with the defendant. 111 L. Ed. 2d at 685. The requisite finding of necessity must be a

case-specific one. The trial court is required to hear evidence and determine if it is necessary to protect the welfare of the witness. 111 L. Ed. 2d at 685.

The criteria articulated in *Craig* are applicable to the admission of J.S.'s videotaped statement under K.S.A. 22-3433. As the Kansas Supreme Court determined in *State v. Johnson*, the statute requires that the statement contain " 'sufficient indicia of reliability' " before it can be admitted. 240 Kan. at 331. As indicated earlier, the pretrial hearing allowed the trial judge to determine J.S.'s state of mind and apprehension regarding testifying. The trial judge was aware of the context of the taped interview and that a trained social worker conducted the session while it was filmed through a one-way window by a police officer. The interview itself provided sufficient indicia of reliability, while the pretrial hearing and J.S.'s aborted testimony at trial afforded the judge the opportunity to assess the potential trauma to the witness, thus meeting the requisite criteria to satisfy K.S.A. 22-3433 and the requirements of *State v. Eaton* and *State v. Chisholm*. At that point during trial, when all parties agreed that J.S. should not be forced to continue her testimony, it was clear that to do otherwise would so traumatize her as to prevent her from reasonably communicating to the jury. *State v. Eaton*, 244 Kan. at 384-85.

In view of the confusion that existed at the time of trial relative to the applicability of 60-460(dd), 22-3433, and 22-3434, we conclude that the trial court handled the matter in a competent manner; and if there was any error, it was harmless in light of Lamb's pretrial admission notwithstanding his testimony at trial.

Affirmed.