No. 66,123

STATE OF KANSAS, *Appellee*, v. SCOTT CHISHOLM, *Appellant.*

(825 P.2d 147)

Opinion filed January 17, 1992.

*Steven R. Zinn,* assistant appellate defender, argued the cause, and *Jessica R. Kunen,* chief appellate defender, was with him on the brief for appellant.

*Gabrielle M. Thompson,* assistant county attorney, argued the cause, and *Robert T. Stephan,* attorney general, was with her on the brief for appellee.

The opinion of the court was delivered by

LOCKETT, J.: This appeal has been before the court on two prior occasions. Scott Chisholm appeals from his conviction of two counts of aggravated incest, K.S.A. 21-3603. The first appeal, *State v. Chisholm*, 243 Kan. 270, 755 P.2d 547 (1988) (*Chisholm I*), challenged the State's use of closed-circuit television for testimony of the child-victim witness pursuant to K.S.A. 22-3434. Chisholm claimed the statutory procedure violated his Sixth Amendment right to confront the witnesses against him. This court affirmed the trial court, finding the procedure constitutional. The United States Supreme Court granted Chisholm's petition for writ of *certiorari* and subsequently vacated our judgment and remanded to this court for further consideration in light of *Coy v. Iowa*, 487 U.S. 1012, 101 L. Ed. 2d 857, 108 S. Ct. 2798 (1988), a case decided after *Chisholm I. Chisholm v. Kansas*, 488 U.S. 962, 102 L. Ed. 2d 523, 109 S. Ct. 486 (1988). Upon reconsideration, this court remanded the matter to the trial court for an examination of the record in light of the Supreme Court's decision in *Coy v. Iowa* and our decision in *State v. Eaton*, 244 Kan. 370, 769 P.2d 1157 (1989). *State v. Chisholm*, 245 Kan. 145, 777 P.2d 753 (1989) (*Chisholm II*). On remand, the trial judge held a non-evidentiary hearing, reviewed the record, and concluded he was satisfied the child witness was traumatized by the presence of the defendant. The trial court found there was clear and convincing evidence that to have required the child to testify in open court in the presence of the defendant would have prevented the child from reasonably communicating to the jury and effectively rendered the child unavailable to testify. The trial judge based his ruling on *Coy* and *Maryland v. Craig*, 497 U.S. _____, 111 L. Ed. 2d 666, 110 S. Ct. 3157 (1990), a case decided after this court's decision in *Chisholm II*. Chisholm appeals, claiming the trial court erred in finding: (1) that there was clear and convincing evidence that the child victim would have been unable to effectively communicate if required to confront the defendant in open court; and (2) that it was therefore necessary to present her testimony on closed-circuit television, thereby denying his right of confrontation provided by the Sixth Amendment to the United States Constitution.

In *Chisholm I,* Chisholm was accused of molesting his eight-year-old stepdaughter. A videotape of the stepdaughter's statement to police and SRS workers was shown at the preliminary hearing. The stepdaughter also testified at the preliminary hearing and was subjected to cross-examination in the presence of Chisholm.

Before Chisholm's trial, the State, noting that the stepdaughter was less than 13 years old and had expressed fear of Chisholm, moved that the stepdaughter's testimony be taken by closed-circuit television pursuant to K.S.A. 22-3434. The statute states in part:

"**Videotape of testimony of child victim admissible in certain cases; limitations; objections, restrictions.** (a) On motion of the attorney for any party to a criminal proceeding in which a child less than 13 years of age is alleged to be a victim of the crime, the court may order that the testimony of the child be taken:

"(1) In a room other than the courtroom and be televised by closed-circuit equipment in the courtroom to be viewed by the court and the finder of fact in the proceeding; . . .

. . . .

"(b) At the taking of testimony under this section:

"(1) Only the attorneys for the defendant, the state and the child, any person whose presence would contribute to the welfare and well being of the child and persons necessary to operate the recording or closed-circuit equipment may be present in the room with the child during the child's testimony;

"(2) only the attorneys may question the child;

"(3) the persons operating the recording or closed-circuit equipment shall be confined to an adjacent room or behind a screen or mirror that permits them to see and hear the child during the child's testimony but does not permit the child to see or hear them; and

"(4) the court shall permit the defendant to observe and hear the testimony of the child in person, but shall ensure that the child cannot hear or see the defendant.

"(c) If the testimony of a child is taken as provided by this section, the child shall not be compelled to testify in court during the proceeding."

At the hearing on the State's motion, the district court noted the statute makes the decision discretionary with the court and held that, although the statute did not set out the criteria to be applied in the exercise of discretion, the statute's non-mandatory language required the State to show why its request should be granted.

The State contended one of the purposes of K.S.A. 22-3434 is to save a child victim from multiple confrontations with an alleged abuser. The State compared the coherent, detailed testimony of the stepdaughter on the videotape when she was interviewed by a social worker to her frightened and uncommunicative testimony when she was examined in the courtroom in Chisholm's presence during the preliminary examination. The State argued the chances of her giving coherent testimony at trial if face-to-face with Chisholm were "dim." The trial court had previously viewed the stepdaughter's demeanor on the videotape and her demeanor when confronted with Chisholm during the preliminary examination and determined that because the contrast in her ability to testify was so great it was appropriate for her to testify on closed-circuit television to avoid confronting Chisholm again.

At trial, the stepdaughter testified in a special room in which she could not see Chisholm or the cameraman in a booth. Her direct testimony was subject to contemporaneous objection by defense counsel, who was in the room with her. The judge could communicate with the attorneys by means of a connected cable. The judge and jury watched the testimony on television screens. Chisholm privately conferred with his attorney in a separate room before the attorney began his cross-examination of the stepdaughter. The jury found Chisholm guilty of two counts of aggravated incest, and Chisholm was given a suspended sentence and placed on four years' probation under intensive supervision.

Chisholm appealed his conviction, arguing K.S.A. 22-3434 violated the Sixth Amendment of the United States Constitution by not requiring the trial court to make a specific finding that the use of a closed-circuit television was necessary for the child witness to testify. He argued the State's contention that his stepdaughter was so frightened of him as to be "*almost* unable to give any testimony" was insufficient to meet its burden of showing the necessity of testimony by way of closed-circuit television. We held Chisholm's argument, that K.S.A. 22-3434 required that the witness be unavailable, was contrary to our previous decision in *State v. Johnson,* 240 Kan. 326, 729 P.2d 1169 (1986), *cert. denied* 481 U.S. 1071 (1987). We noted the statute preserved the defendant's and the jury's freedom to fully observe the witness' testimony and demeanor; therefore, cross-examination was fully

available. We found the only indicia of reliability missing was that the complaining witness was not forced to look at the defendant and the court as she gave her testimony. We noted while face-to-face confrontation may encourage truthfulness in an adult, the legislature had found that, in certain instances, the truth would be more likely obtained from a child under the age of 13 if the child were spared the trauma of facing an overpowering and angry adult. We unanimously affirmed Chisholm's convictions of two counts of aggravated incest in violation of K.S.A. 21-3603. We determined that Chisholm's Sixth Amendment right to confront his accuser was not violated when the trial court allowed the child witness to testify via closed-circuit television pursuant to K.S.A. 22-3434. *Chisholm I*, 243 Kan. 270.

Subsequent to our June 3, 1988, decision in *Chisholm I*, the United States Supreme Court on June 29, 1988, ruled on a similar issue in *Coy v. Iowa*, 487 U.S. 1012, and reached the opposite conclusion. In *Coy*, a divided United States Supreme Court held that a screen placed between child witnesses and a defendant charged with lascivious acts with children violated the defendant's Sixth Amendment right of face-to-face confrontation.

During Coy's trial a screen between the accused and the child witnesses had been erected pursuant to Iowa Code § 910A.14 (1987), which allowed the trial court discretion in ordering use of the screen. Coy could observe the children through the screen, but the children could not see him. As in *Chisholm I*, the witnesses were subjected to full cross-examination under oath and their demeanor was observed by Coy, his attorney, the court, and the jury. In a departure from previous rulings focusing on the reliability of testimony, the United States Supreme Court held the Sixth Amendment's Confrontation Clause protected Coy's right of literal face-to-face confrontation with the witnesses against him.

Justice Scalia, writing for a divided majority, stated the United States Supreme Court had never doubted that the Confrontation Clause guarantees the defendant a face-to-face meeting with the witnesses appearing before the trier of fact. He noted the Sixth Amendment's guarantee of face-to-face encounter between witness and accused serves ends related both to appearances and to reality. Justice Scalia asserted a witness may feel quite differently

when the witness is required to repeat the story while looking at the person whom the witness would harm greatly by distorting or mistaking the facts. He acknowledged that face-to-face presence could upset the truthful rape victim or abused child but it could also confound and undo the false accuser, or reveal the child coached by a malevolent adult. He observed, "It is a truism that constitutional protections have cost." 487 U.S. at 1020.

The State argued that Coy's confrontation interest was outweighed by the necessity of protecting victims of sexual abuse. Justice Scalia answered, "It is true that we have in the past indicated that rights conferred by the Confrontation Clause are not absolute, and may give way to other important interests." 487 U.S. at 1020. He explained that the rights referred to in those cases, however, were not the rights narrowly and explicitly set forth in the clause, but rather rights that are, or were asserted to be, reasonably implicit—namely, the right to cross-examine, the right to exclude out-of-court statements, and the asserted right to face-to-face confrontation at some point in the proceedings other than the trial itself. 487 U.S. at 1020.

Justice Scalia observed the State of Iowa maintained that the necessity to allow the child to testify via closed-circuit television is established by the statute, which creates a legislatively imposed presumption of trauma. He noted other United States Supreme Court decisions suggest, however, that even as to exceptions from the normal implications of the Confrontation Clause something more than the type of generalized finding underlying such a statute is needed when the exception is not "firmly . . . rooted in our jurisprudence." 487 U.S. at 1021. Justice Scalia stated the exception created by the Iowa statute, which became law in 1985, could hardly be viewed as "firmly rooted." He concluded since there had been no individualized findings that these particular witnesses needed special protection, the judgment could not be sustained by any conceivable exception. 487 U.S. at 1021.

Justice O'Connor, with whom Justice White concurred, noted that confrontation rights are not absolute but may give way in an appropriate case to other competing interests so as to permit the use of certain procedural devices designed to shield a child witness from the trauma of courtroom testimony. Justice O'Connor observed it was not novel to recognize that a defendant's

right physically to face those who testify against the defendant, even if located at the core of the Confrontation Clause, is not absolute. Justice O'Connor declared she would permit the use of a particular trial procedure that called for something other than face-to-face confrontation if that procedure was necessary to further an important public policy. 487 U.S. at 1024-25.

After the *Coy* decision was filed, Chisholm petitioned for *certiorari* and his case was accepted for review by the United States Supreme Court. On November 28, 1988, the United States Supreme Court vacated our decision in *Chisholm I* and remanded the matter to this court for further consideration in light of *Coy. Chisholm v. Kansas*, 488 U.S. 962.

After *Coy* was decided and prior to the United States Supreme Court's remand of *Chisholm*, we heard the case of *State v. Eaton*, 244 Kan. 370. We were required by the United States Supreme Court's decision in *Coy* to reverse Eaton's convictions of aggravated criminal sodomy and indecent liberties with a child because the seven-year-old witness' testimony had been given via closed-circuit television pursuant to K.S.A. 22-3434 under circumstances somewhat similar to this case. We noted the child's testimony via closed-circuit television offended *Coy* because the trial court had not made the required finding of necessity, and we remanded the matter for a new trial.

In *Eaton*, we denied the defendant's challenge to the constitutionality of the statute, noting although K.S.A. 22-3434 may be apparently void on its face, the intent of the legislature could be constitutionally carried out by judicially reading into the statute the individualized determination required by *Coy v. Iowa*, 487 U.S. 1012, 101 L. Ed. 2d 857, 108 S. Ct. 2798 (1988). For K.S.A. 22-3434 to meet the requirements of *Coy*, a trial judge is first required to make an individualized finding that there is clear and convincing evidence that to require a child to testify in open court will so traumatize the child as to prevent the child from reasonably communicating to the jury or render the child unavailable to testify. We stated that in order to justify the use of closed-circuit television under 22-3434 the court must consider the factors set out in *State v. Kuone*, 243 Kan. 218, 757 P.2d 289 (1988), and other factors relevant to whether the face-to-face

confrontation between the child victim and the accused would or could cause psychological injury to the child.

In *Kuone*, we examined the legislature's child-victim witness exception to the rule against admission of hearsay evidence. *Kuone* dealt with a mentally ill and retarded 11-year-old whose out-of-court statements were introduced by the State pursuant to K.S.A. 1990 Supp. 60-460(dd), which stated:

"Evidence of a statement which is made other than by a witness while testifying at the hearing, offered to prove the truth of the matter stated, is hearsay evidence and inadmissible except:

. . . .

"(dd) *Actions involving children.* In a criminal proceeding . . . , if:

"(1) The child is alleged to be a victim of the crime or offense . . . ; and

"(2) the trial judge finds, after a hearing on the matter, that the child is disqualified or unavailable as a witness, the statement is apparently reliable and the child was not induced to make the statement falsely by use of threats or promises.

"If a statement is admitted pursuant to this subsection in a trial to a jury, the trial judge shall instruct the jury that it is for the jury to determine the weight and credit to be given the statement and that, in making the determination, it shall consider the age and maturity of the child, the nature of the statement, the circumstances under which the statement was made, any possible threats or promises that might have been made to the child to obtain the statement and any other relevant factor."

We acknowledged Eaton's right of confrontation but determined that certain factors could be used to determine whether a child witness is "unavailable," under the 60-460(dd) exception to the hearsay rule, because of psychological trauma or disability. The factors to be considered are: (1) the probability of psychological injury as a result of testifying; (2) the degree of anticipated injury; (3) the expected duration of the injury; and (4) whether the expected psychological injury is substantially greater than the reaction of the average victim of a rape, kidnapping, or other violent act. Other factors may also be relevant. *State v. Eaton*, 244 Kan. 370, 384, 769 P.2d 1157 (1989). We held in *Kuone* there was sufficient evidence of "unavailability" under these factors to allow the child's prior statements. 243 Kan. at 229. In *Eaton*, we found the lack of individualized findings to be error and reversed the convictions. 244 Kan. at 385-86.

As in *Coy* and *Eaton,* the trial judge in *Chisholm I* was unaware that the United States Supreme Court decision in *Coy* would subsequently place restrictions on the use of the statute and did not make individualized findings that the trauma to the child witness outweighed the defendant's right of confrontation. In contrast to the trial judges in *Coy* and *Eaton,* the trial judge in *Chisholm I* gave individualized attention to the trauma the stepdaughter had evidenced when confronted with the defendant at his preliminary examination. The trial court also expressed concern that the rights of the defendant not be limited without a showing by the State that the needs of the child outweighed the defendant's right to face-to-face confrontation.

We were unable to determine from the record on appeal whether there was sufficient evidence for the trial court to make the individualized finding that trauma to the child outweighed Chisholm's right to confrontation as required by *Coy* and allowed the child victim to testify via closed-circuit television. We remanded the matter to the trial judge for an examination of the record to determine whether the State's public policy interest in protecting child victims of sex crimes is sufficient to justify an exception to Chisholm's right of confrontation. We stated that if after examining the record in light of *Coy* and *Eaton* the trial court is able to make the necessary individualized findings as to the probability, degree, and duration of psychological injury to the child, Chisholm's convictions would stand. If there was not sufficient evidence in the record for the trial judge to make the necessary individualized findings to deny the defendant his right of face-to-face confrontation, Chisholm's convictions would be vacated and the defendant granted a new trial. 245 Kan. at 152-53.

On March 22, 1990, at the conclusion of the hearing on remand, the trial judge observed that, since the Kansas Supreme Court had everything in the record that was available to him, he was to rely on his own independent recollections of the observations he made at the various hearings and motions and determine from those observations whether there was sufficient evidence for him to make the individualized findings required by the various cited decisions.

On June 27, 1990, subsequent to our remand in *Chisholm II* and the trial judge's hearing on remand but prior to the trial court's decision, the United States Supreme Court decided *Maryland v. Craig*, 497 U.S. ____, 111 L. Ed. 2d 666, 110 S. Ct. 3157 (1990). In *Craig*, the United States Supreme Court held that, if a State makes an adequate showing of necessity, the State's interest in protecting child witnesses from the trauma of testifying in a child abuse case is sufficiently important to justify the use of a special procedure that permits a child witness in such cases to testify at trial against a defendant in the absence of face-to-face confrontation with the defendant. It stated that the requisite finding of necessity must be a case-specific one; the trial court must hear evidence and determine whether use of the one-way closed-circuit television procedure is necessary to protect the welfare of the particular child witness who seeks to testify. It stated, in addition, the trial court must also find that the child witness would be traumatized, not by the courtroom generally, but by the presence of the defendant. The trial court must further find that the emotional distress suffered by the child witness in the presence of the defendant is more than de minimis, *i.e.*, more than "mere nervousness or excitement or some reluctance to testify." The Court determined it need not decide the minimum showing of emotional trauma required for use of the special procedure because the Maryland statute which required a determination that the child witness will suffer "serious emotional distress such that the child cannot reasonably communicate" clearly suffices to meet constitutional standards. 111 L. Ed. 2d at 685.

The *Craig* Court concluded that where necessary to protect a child witness from trauma that would be caused by testifying in the physical presence of the defendant, at least where such trauma would impair the child's ability to communicate, the Confrontation Clause does not prohibit use of a procedure that, despite the absence of face-to-face confrontation, ensures the reliability of the evidence by subjecting it to rigorous adversarial testing and thereby preserves the essence of effective confrontation. Because there was no dispute that the child witnesses in *Craig* testified under oath, were subject to full cross-examination, and were able to be observed by the judge, jury, and defendant as

they testified, the Court concluded that a proper finding of necessity had been made and the admission of such testimony was consonant with the Confrontation Clause. 111 L. Ed. 2d at 686.

When deciding if the use of closed-circuit television testimony violated Chisholm's right of confrontation, the trial judge used the less restrictive standard of *Coy* and *Craig*, rather than the standard we set based on *Coy* in *Eaton*. The trial court first noted that no evidence or testimony was presented at the earlier proceedings by any psychologist or mental health expert as to the distress or trauma which might be suffered by the child-victim witness. The trial judge then observed that the transcript of the preliminary hearing revealed there had been testimony by the mother of the victim which indicated the victim was afraid of the defendant and the victim feared the defendant would harm the victim's mother. The trial judge stated he personally observed the child was experiencing a great deal of distress and trauma and was not able to communicate when she was called by defendant's counsel to testify at the preliminary hearing. The trial judge asserted, "Yet when questioned by the same attorney at trial, out of the presence of the Defendant, the child witness was able to present her testimony appropriately while still displaying some nervousness and some reluctance to testify." The trial judge stated he was satisfied that the child witness was being traumatized by the presence of the defendant and not merely displaying some nervousness because she was in the courtroom.

The trial court asserted that the videotape presented at the preliminary hearing demonstrated the child was able and even willing to testify about the events for which the defendant was charged. The videotape showed that while the child was obviously embarrassed by having to describe what occurred, she was still able to effectively communicate in a clear and coherent manner as to those matters about which she was being questioned. The judge then held that a review of the proceedings and the various transcripts established by clear and convincing evidence that to have required the child witness to testify in open court in the presence of the defendant would have prevented the child from reasonably communicating to the jury and effectively thereby rendered the child unavailable to testify.

In this appeal Chisholm argues the trial judge did not make the findings regarding the probability, degree, and duration of psychological injury to the child as required by our remand in *Chisholm II* in order to affirm Chisholm's convictions. The defendant points out the trial court stated in its memorandum of decision that no evidence or testimony was presented by any psychologist or mental health expert (prior to its decision to allow closed-circuit television for the child's testimony at trial) as to the distress or trauma which might be suffered by the child. Chisholm correctly observes that the primary basis for the court's holding was its perception of the difference in the child's demeanor (1) while testifying in Chisholm's presence at the preliminary hearing; (2) as shown on the videotape introduced at the preliminary hearing; and (3) during her testimony on closed-circuit television at trial.

Chisholm points out that the child did in fact testify while confronting Chisholm at the preliminary hearing. He asserts few questions concerning the alleged sexual conduct were asked the child at the preliminary hearing; at trial, the child stated she was unable to remember in response to a number of questions regarding the alleged incidents; and her answer to at least one question was more specific at the preliminary hearing in the presence of the defendant than at trial out of the presence of the defendant. Chisholm concedes a difference in the child's demeanor at the preliminary hearing and on other occasions, but argues she was able to testify while in Chisholm's presence and her memory lapses were not unique to the preliminary hearing. He argues that, given her ability to communicate while confronting Chisholm at the preliminary hearing, her fear that Chisholm would harm the child's mother could not be a basis for the trial court's conclusion that Chisholm's presence would so traumatize the child that she would have been unable to effectively communicate if required to once again testify in his presence at trial.

Finally, Chisholm argues no evidence had been presented that the child would be psychologically harmed if required to testify in Chisholm's presence. Chisholm recites the factors set forth in *Kuone* and states none of the required individualized findings as to the probability, degree, and duration of psychological injury to the child were made by the judge. He concludes there is

nothing in the record showing that the child would not have been able to testify in Chisholm's presence at trial or that the child would have been psychologically harmed if required to do so. Chisholm points out our statement in *Chisholm II*: "If after examining the record in light of *Coy* and *Eaton*, the trial court is able to make the necessary individualized findings as to the probability, degree, and duration of psychological injury to the child, the convictions will stand." 245 Kan. at 152. He then notes the reasons set forth by the trial court in upholding the presentation of the child's testimony by closed-circuit television at trial do not address such factors. Chisholm claims this is reversible trial court error.

As to defendant's claim that the child was more explicit in one of her answers during the preliminary hearing when confronting the defendant than at the trial when testifying by closed-circuit television, the State claims the responses were different only because the questions were framed differently. As to defendant's claim that the child was able to communicate at the preliminary hearing, the State contends appellant's argument fails to take into account that the ability to communicate about neutral issues was not matched by any such ability in regard to questions about the alleged incestuous acts.

The State concludes the trial court had actually applied the tests required by *Craig* when the trial court made its initial ruling on the use of closed-circuit television in *Chisholm I*. The State claims that, on the basis of the remand language in *Chisholm II*, the test is a sufficiency of the evidence test. The State concludes Chisholm wants this court to weigh the recorded testimony, disregard the trial court's observations of the child's demeanor, and find there was insufficient evidence in support of the court's decision.

The right to confrontation of a witness under the Kansas and United States Constitutions includes the right of the accused to face-to-face confrontation while a victim accuser is testifying against the accused. The fundamental right of the accused to confront the child-victim accuser in a criminal trial is not absolute and has exceptions where necessary to further an important public policy. The State's interest in protecting child victims of sex crimes and in obtaining reliable testimony from a child witness

in sexual abuse trials constitutes an important public policy sufficient to justify an exception to a defendant's right to confrontation and has not changed since the legislature enacted K.S.A. 22-3434. A defendant in a sexual abuse trial is not denied the constitutional right to confrontation where the child-victim witness testifies via closed-circuit television, pursuant to K.S.A. 22-3434, provided the trial court (1) hears evidence and determines use of the one-way closed-circuit television procedure is necessary to protect the welfare of the particular child witness who seeks to testify; (2) finds that the child witness would be traumatized, not by the courtroom generally, but by the presence of the defendant; and (3) finds that the emotional distress suffered by the child witness in the presence of the defendant is more than de minimis, *i.e.*, more than mere nervousness or excitement or some reluctance to testify.

Did the trial court comply with the requirements of *Maryland v. Craig?*

1. *The trial court must hear evidence and determine whether use of the one-way closed-circuit television procedure is necessary to protect the welfare of the particular child witness who seeks to testify.* Here, the trial court did not "hear evidence" in the manner set out in *Coy* and *Craig*. But, the trial court had personally observed the child's inability to testify when confronting the defendant face-to-face and her ability to talk about the incidents when out of the presence of the defendant. The trial court stated, "I'm satisfied that having gone through the Preliminary Hearing now and observed the video and the demeanor, that it is appropriate and reasonable that the testimony of that witness, the victim, be taken by closed circuit television and the State's motion will be granted in that regard . . . ."

2. *The trial court must find that the child witness would be traumatized, not by the courtroom generally, but by the presence of the defendant.* The trial court stated it was satisfied that the child witness was being traumatized by the presence of the defendant and was not merely displaying some nervousness because she was in the courtroom.

3. *The trial court must find that the emotional distress suffered by the child witness in the presence of the defendant is more than de minimis, i.e., more than "mere nervousness or excitement*

*or some reluctance to testify."* The trial court found the child was not merely displaying some nervousness because she was in the courtroom. The trial court also stated, "The child witness, when called by Defendant's counsel to testify at preliminary hearing, was observed [by the trial court] to be experiencing a great deal of distress, trauma and was not able to effectively communicate. Yet when questioned by the same attorney at trial, out of the presence of the Defendant, the child witness was able to present her testimony appropriately while still displaying some nervousness and some reluctance to testify."

The trial court found after a review of the proceedings and the various transcripts there was clear and convincing evidence that to have required the child witness to testify in open court in the presence of the defendant would have prevented the child from reasonably communicating to the jury and effectively thereby rendered the child unavailable to testify.

The State's public policy to protect children through the use of closed-circuit television for testimony of a child-victim witness was adopted by our legislature and codified at K.S.A. 22-3434. The various cases we have cited and the resulting decisions have required this particular case to proceed through the trial and appellate systems of the State of Kansas and the United States Supreme Court. The child is now 15 years old. The incidents occurred more than six years ago. The trial judge had personally observed the inability of the child-victim witness to testify in the presence of Chisholm and concluded that the child could not reasonably communicate if required to testify in the presence of the defendant. If the trial court's personal observations at the preliminary examination and at trial can substitute for the hearing of evidence of trauma to the child required by our decision in *Chisholm II,* the difference in the child's demeanor when relating information about the incidents out of the presence of the defendant and the child's demeanor when testifying in the presence of the defendant is an adequate showing by the State for the necessity of the procedure.

Though there was no specific evidentiary hearing held as required by *Coy, Eaton,* and *Craig,* a review of the record reflects all the procedural safeguards to ensure the defendant's consti-

tutional right of confrontation are present. We affirm the trial court and order that Chisholm's sentence be reinstated.

In *Eaton* and *Chisholm I* we observed that the legislature in passing K.S.A. 22-3434 presumed that the testimony of all witnesses under the age of 13 years in criminal cases may be excluded from the requirements of the Sixth Amendment Confrontation Clause. We noted the public policy underlying the passage of the statute was legitimate and compelling to ensure that the child witness would not be so traumatized by a face-to-face confrontation with the accused as to be unable to reasonably communicate the truth of the matter. Because of the United States Supreme Court's decision in *Coy*, we determined in *Eaton* that K.S.A. 22-3434 was unconstitutional unless the trial court makes an individualized finding that the child-victim witness would suffer trauma as a result of giving in-court, face-to-face testimony. We placed the burden on the State of proving by clear and convincing evidence that a child-victim witness would suffer psychological harm as a result of a face-to-face confrontation with the accused. Because the United States Supreme Court decision in *Craig* no longer requires the State's burden to be so great, we abandon the standard set out in *Eaton* for use of testimony by way of closed-circuit television under K.S.A. 22-3434 and adopt the standard set forth in this opinion.

Affirmed.