**Robert H. HUTCHCRAFT, Petitioner,**

v.

**Raymond ROBERTS, et al., Respondents.**

**No. 91–3134–DES.**

United States District Court, D. Kansas.

Dec. 29, 1992.

---

David J. Gottlieb, University of Kansas School of Law, Lawrence, KS, for petitioner.

Kyle G. Smith, Kansas Bureau of Investigation, Topeka, KS, for respondents.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter comes before the court on petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate at the Lansing Correctional Facility, Lansing, Kansas, was convicted in 1985, of one count of rape, two counts of aggravated sodomy, and five counts of in-

decent liberties with a child. Petitioner was sentenced to three concurrent terms of thirty (30) years to life and four concurrent terms of five (5) to twenty (20) years to be served consecutive to the 30 years to-life terms.

On direct appeal to the Kansas Supreme Court, petitioner's conviction was affirmed. 242 Kan. 55, 744 P.2d 849.

In this action, petitioner challenges his conviction and claims: (1) his Sixth Amendment right of confrontation was violated when hearsay evidence was admitted without a finding that the declarant was unavailable to testify at trial and because the testimony admitted did not bear an adequate indicia of reliability; and (2) the trial judge failed to make the requisite finding that the child witness was unavailable to testify at trial.

Having reviewed the record in this matter, the court makes the following findings and order.

*Factual Background*

Petitioner was convicted of rape, two counts of aggravated sodomy and five counts of indecent liberties with a child against his step-grandchildren. Petitioner and the children's grandmother, Dorothy, are divorced. Four felony charges stemmed from incidents with a 16 year old, mentally retarded girl, Candy Schreiner. The remaining counts of indecent liberties stemmed from incidents with 17 year old Michelle Schreiner, Angel Stone, Milissa Newbury and Ginger Hiles. Petitioner was acquitted of charges stemming from a incident with Jerry Newberry.

All of the victims testified at trial with the exception of Candy Schreiner. At the preliminary hearing conducted on August 15, 1985, Judge David Lamar made a finding that Candy was not qualified to testify at the hearing and her out-of court statement to a police officer would be admitted as evidence at trial because:

"by her own articulation, that she doesn't know what the truth means, at least this time she's saying that. She's been consistent concerning that she doesn't know what a lie means. I think

we've even tried the approach what it means not to tell the truth and found the same results. She will be disqualified as a witness as to capacity to determine ... (the remainder of the discussion is inaudible due to rerecording of the tape)."

The journal entry memorializing the hearing was not filed until November 8, 1985; was not presented to defense counsel for approval; and does not reflect the court's concern about Candy's ability to tell the truth. The journal entry, utilizing the statutory child hearsay provisions of K.S.A. 60–460(dd), states that the trial court found that Candy's out-of-court statement to a police officer was "apparently reliable" and that it was "not induced by the use of threats or promises."

Petitioner tried twice to have the admission of these statements reconsidered, but failed. In addition Trial Judge Cordell Meeks, after in camera hearings, allowed Candy's out of court statements to social services case worker, Kathy McIntosh, and clinical social worker, Bonnie Benson admitted.

Petitioner, who argues he was never allowed to confront the witness against him, Candy Schreiner, was convicted by a jury on all counts concerning his conduct with Candy. On October 27, 1987, the Kansas Supreme Court affirmed petitioner's conviction. This action was commenced on May 2, 1991.

*Discussion*

■■■ This court reviews the trial court's conclusions of law de novo. *Martin v. Kaiser*, 907 F.2d 931, 933 (10th Cir. 1990). The right of confrontation is a question of law to be determined by the federal habeas court. *Haggins v. Warden, Fort Pillow State Farm*, 715 F.2d 1050, 1055 (6th Cir.1983), *cert. denied*, 464 U.S. 1071, 104 S.Ct. 980, 79 L.Ed.2d 217 (1984).

■■■ Petitioner argues that he was denied his right, guaranteed by the Sixth Amendment to the Constitution, to confront the witnesses against him when out-of-court statements by Candy Schreiner to a police officer, a social services caseworker, and a social worker were admitted at

trial. In addition, petitioner claims that the trial judge, not the judge at the preliminary hearing, must make the determination that the witness is unavailable.

■■■ The Confrontation Clause of the Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right ... to be confronted by witnesses against him." The Clause operates in two ways when determining the admissibility of hearsay statements. *Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). First the Sixth Amendment establishes a rule of necessity, the prosecution must either produce the declarant of a statement it wishes to use against the defendant, or demonstrate the unavailability of the declarant. *Id.* at 72, 100 S.Ct. at 2542. Second, once the witness is shown to be unavailable, the statement is admissible only if it bears an adequate indicia of reliability. *Id.* at 65, 100 S.Ct. at 2539. Reliability may be inferred if the statement falls within a firmly rooted hearsay exception such as an excited utterance. If the statement does not fall within such a category, it is not admissible unless there is a showing of particularized guarantee of trustworthiness. *Id.* at 66, 100 S.Ct. at 2539.

In *Idaho v. Wright*, 497 U.S. 805, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990), the Court considered whether the admission, at trial, of out-of-court statements by a child to an examining physician violated the defendant's right to confront the witnesses against him. All parties agreed that the 3½ year old child was incapable of communicating with the jury and was, therefore, unavailable to testify within the meaning of the Confrontation Clause. The second question under *Roberts* is whether the prosecution, which is the proponent of the evidence presumptively barred by the hearsay rule and the Confrontation Clause, has carried its burden proving that the incriminating evidence bears an adequate indicia of reliability to withstand scrutiny under the Clause. *Id.* at 816, 110 S.Ct. at 3147.

■■■ Relying on *Roberts*, the Court noted that the indicia of reliability could be met in two circumstances: (1) if the hearsay statement falls within a firmly rooted

hearsay exception or (2) if the statement is supported by particularized guarantees of trustworthiness. See *White v. Illinois,* — U.S. —, 112 S.Ct. 736, 116 L.Ed.2d 848 (1992) (hearsay statements of nontestifying child admissible if they constitute spontaneous utterances or statements made in obtaining medical treatment). In *Wright,* the child's out-of-court statements did not fall within a firmly rooted hearsay exception and were, thus, presumptively unreliable and inadmissible for Confrontation Clause purposes. *Id.* at 818, 110 S.Ct. at 3148. This presumption may be overcome if it can be shown that the statements bear particularized guarantees of trustworthiness. Unless an affirmative reason, arising from the circumstances in which the statements were made, provides the basis for rebutting the presumption that a hearsay statement is not worthy of reliance at trial, the Confrontation Clause requires the out-of-court statement be excluded. *Id.* at 821, 110 S.Ct. at 3150. The particularized guarantees of trustworthiness required for admission of a hearsay statement under the Confrontation Clause must be gleaned from the totality of the circumstances that surround the making of the statement and that render the declarant particularly worthy of belief. *Id.* at 819, 110 S.Ct. at 3148. Evidence possessing particularized guarantees of trustworthiness must be at least as reliable as evidence admitted under a firmly rooted hearsay exception, that is the evidence admitted must be so trustworthy that adversarial testing would add little to its reliability. *Id.* at 820–21, 110 S.Ct. at 3149. "If the declarant's truthfulness is so clear from the surrounding circumstances that the test of cross-examination would be of marginal utility, then the hearsay rule does not bar admission of the statement at trial." *Id.* at 820, 110 S.Ct. at 3149.

The Court declined to state a specific test to determine whether particularized guarantees of trustworthiness are present. It did, however, articulate a number of factors which evaluate whether the hearsay statements by a child witness in a sexual abuse case are reliable. These include: spontaneity and consistent repetition; the mental state of the declarant; the use of terminology unexpected of a child of similar age; and lack of motive to fabricate. *Id.* at 821–22, 110 S.Ct. at 3150. These factors are not exclusive and are subject to the underlying principle that the ultimate question is whether the declarant was particularly likely to be telling the truth at the time the statement was made. *Id.*

Turning to the facts of this case, the court first notes that although the judge at the preliminary hearing found the declarant unavailable to testify, that finding was based, at least in part, on the fact that Candy Schreiner was incapable of distinguishing between the truth and a lie. Petitioner argues that the trial judge, at trial, must make the determination of unavailability. The Kansas Supreme Court, on appeal, held, that any judge assigned to any portion of a pending case is, for that purpose a trial judge within the meaning of the statute. K.S.A. 60–460(dd).

A state court's interpretation of state law is not subject to review by this court in habeas proceedings. *Mills v. Collins,* 924 F.2d 89, 92 (5th Cir.1991). The court accepts the Kansas Supreme Court's determination that a judge at any stage of the proceedings in a pending case is a trial judge within the meaning of the statute. The court also notes that while *Roberts, supra,* appears to require the government to show that a declarant is unavailable before testimony may be entered, later cases have indicated this may not always be true. See *U.S. v. Inadi,* 475 U.S. 387, 398, 106 S.Ct. 1121, 1127–28, 89 L.Ed.2d 390 (1986) (showing of unavailability not required before statements of co-conspirators are admitted); *White, supra* (the unavailability rule does not apply to evidence falling under hearsay exceptions for spontaneous declarations and statements made in the course of medical treatment); *Manocchio v. Moran,* 919 F.2d 770, 775–76 (1st Cir.1990), *cert. denied* — U.S. —, 111 S.Ct. 1695, 114 L.Ed.2d 89 (1991) (the rule does not apply to the introduction of business records).

This court's decision, however, does not depend upon a determination that Candy was unavailable. *Wright* 497 U.S. at 813–

14, 110 S.Ct. at 3145. This court must determine whether Candy's statements are supported by a showing of particularized guarantee of trustworthiness when the statements were made. In making that determination, the court notes that the judge at the preliminary hearing made a finding that Candy could not distinguish between the truth and a lie. If Candy was untrustworthy to testify at trial, it would be difficult to make the argument that her out-of-court statements somehow bore the indicia of reliability.

Candy's statements were not spontaneous, but rather the result of questions which were, at times, admittedly leading. In at least two of the interviews, Candy's older sister was with her to offer Candy support. The sister, at least once, asked the interviewer to ask Candy about a particular event. The sister also helped Candy determine specific dates concerning events and even asked Candy questions and then helped her answer. Candy also learned to use the term penis from this interview with the police officer.

Candy's mental state must also be considered in the search for particularized guarantees of trustworthiness. Candy was a 16 year old trainable mentally retarded girl with the learning capability of a 5 year old. However, Candy's mother testified that Candy was a typical teenager, with interests in boys and records. Candy's teacher testified that Candy was very popular and even normal boys in school thought she was very cute. Candy's mental condition must be considered when analyzing her ability to recall events that occurred years before and which were only revealed with significant prompting and then articulated in general monosyllabic answers.

The record clearly reveals that Candy had contact with members of the opposite sex at school and even had a boyfriend. There was evidence that interviewers supplied her with correct terminology during the course of her interviews which included the use of anatomically correct dolls. It is not clear that Candy displayed knowledge of sexual terms which were outside the sphere of her experience.

Finally, this case offers clear evidence that there may have been a motive to fabricate events. Petitioner and his wife, the grandmother of Candy and all the other children, were having marital difficulties and eventually did divorce. There was testimony at trial that some of the children were angry with petitioner about the divorce. There was also testimony that petitioner's ex-wife was extremely bitter and had threatened to put petitioner back where she found him—in prison. Such acrimonious behavior is not uncommon during divorces and could spawn resentment and anger among the children toward petitioner, their step-grandfather.

From this record, the court is unable to conclude that there was a particularized guarantee of trustworthiness attached to Candy's out-of-court statements which would allow their admission at trial. In addition, the court is troubled by the apparent finding at the preliminary hearing that Candy was unable to discern truth from falsehood.

Because the judge at the preliminary hearing made no finding that Candy's out-of-court statements contained particularized guarantees of trustworthiness, the court concludes petitioner's constitutional right to confront the witness against him was violated.

The court notes that the Kansas Supreme Court, in a case strikingly similar to petitioner's, recently reversed the convictions of two defendants where out-of-court statements were erroneously admitted at trial. In *State v. Bratt*, 250 Kan. 264, 824 P.2d 983 (1992), the child witness testified prior to the preliminary hearing and the district magistrate determined the child was not unavailable. The child then testified at the preliminary hearing. Prior to trial, the state again sought to have the child declared unavailable and to introduce his testimony at the preliminary hearing and testimony of other witnesses concerning the child's out-of-court statements to them. The child was found to be unavailable and the out-of-court statements were admitted. Under the statute, the judge found the child's statements "were appar-

ently reliable, were not induced or made falsely by the use of threats or promises, and were admissible as an exception to the hearsay rule under K.S.A.1990 Supp. 60–460(dd)." *Id.* 824 P.2d at 988.

Analyzing the case under *Idaho v. Wright,* the Kansas Supreme Court found the introduction of the statements violated the Confrontation Clause. The court also held that the child's statements and actions while using anatomically correct dolls were also hearsay and that the admission of the same was violative of the Clause. "The trial court failed to make the particularized findings required by the Confrontation Clause of the Sixth Amendment as set out by ... *Wright* for admission of hearsay under K.S.A.1990 Supp. 60–460(dd)." *Id.* 824 P.2d at 990.

This court finds the holding applicable to petitioner's case. Petitioner's case is even more egregious than *Bratt.* In this case a judge by his own words found Candy unable to distinguish between truth and falsehood. If, as *Bratt* holds, a trial judge who merely quotes the language of the statute has not made the particularized findings required by the Confrontation Clause, a trial judge who finds, in part, that a witness does not know fact from fiction has certainly failed to provide the petitioner with the protections guaranteed under the Confrontation Clause. This court cannot find that Candy's truthfulness was so clear from the surrounding circumstances that the test of cross-examination would have been of marginal utility.

IT IS THEREFORE BY THE COURT ORDERED that the petition for writ of habeas corpus is granted. Petitioner must be retried on the four charges relevant to Candy Schreiner within one hundred and twenty days or be released under these sentences. This order has no effect upon petitioner's conviction and sentences on the remaining charges.