(973 P.2d 197)

No. 77,675

STATE OF KANSAS, *Appellee*, v. MICHAEL E. CORRELL, *Appellant*.

—

Opinion filed December 31, 1998.

*Craig Durham*, assistant appellate defender, and *Steven R. Zinn*, deputy appellate defender, for appellant.

*Scott C. Rask*, assistant county attorney, *Robert Forer*, county attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before BRAZIL, C.J., ELLIOTT and MARQUARDT, JJ.

ELLIOTT, J.: Michael E. Correll appeals his conviction of indecent liberties with a child.

We reverse and remand.

This case received extensive publicity in Parsons. In fact, during voir dire, 10 of the 12 persons selected as jurors stated they had read about the case, including accounts which revealed that appellant had taken and failed a lie detector test.

Over objection, the trial court admitted the videotaped interview of H.C., the victim, who was 4 years old at the time of the videotaping. In doing so, the trial court relied on K.S.A. 22-3433.

In arguing the trial court erred in admitting the taped interview of H.C., appellant contends the trial court erred in finding H.C. was "available" to testify; the trial court failed to make the requisite finding that H.C. would be traumatized by testifying in person; and the statute violates his right to confrontation. The admission of evidence rests in the trial court's discretion. *State v. Warden,* 257 Kan. 94, Syl. ¶ 5, 891 P.2d 1074 (1995).

### K.S.A. 22-3433

Prior to admitting the videotaped testimony of a child victim less than 13 years old, the trial court must find the recording was made prior to trial and that

"(1) . . . the time, content and circumstances of the statement provide sufficient indicia of reliability;

"(2) no attorney for any party is present when the statement is made;

"(3) the recording is both visual and aural and is recorded on film or videotape or by other electronic means;

"(4) the recording equipment is capable of making an accurate recording, the operator of the equipment is competent and the recording is accurate and has not been altered;

"(5) the statement is not made in response to questioning calculated to lead the child to make a particular statement or is clearly shown to be the child's statement and not made solely as a result of a leading or suggestive question;

"(6) every voice on the recording is identified;

"(7) the person conducting the interview of the child in the recording is present at the proceeding and is available to testify or be cross-examined by any party;

"(8) each party to the proceeding is afforded an opportunity to view the recording before it is offered into evidence, and a copy of the written transcripts provided to the parties; and

"(9) the child is available to testify."

In the present case, the trial court found that all requirements of K.S.A. 22-3433 had been met. A witness is not disqualified due

to age; a witness, no matter how young, is presumed competent to testify. See K.S.A. 60-407. The burden of establishing incompetency rests with the challenger. *State v. Colwell*, 246 Kan. 382, 388, 790 P.2d 430 (1990). A witness will be disqualified if he or she is incapable of understanding the duty to tell the truth. 246 Kan. at 388.

In her taped interview, H.C. stated she did not know the difference between real and pretend. Further, when shown a red shirt and asked what color it was, H.C. said, "red." When asked, "If I told you [the shirt] was blue would I be telling you the truth?" H.C. responded, "It's blue." She was then asked, "If I told you it was blue would I be telling you the truth?" H.C. indicated yes. Even after the SRS caseworker explained to H.C. what truth was, H.C. had little concept of truth, the passage of time, or the concept of pretend.

At the close of the first day of trial, appellant continued to argue the taped interview was inadmissible. The trial court agreed to hold an in camera hearing and interview H.C. the following day. When asked if she knew the difference between telling the truth and pretending, H.C. replied, "Don't know what pretend are." The trial court found H.C. understood the duty to tell the truth.

It appears the trial court ignored the direct testimony of the State's key witness. Jim Agler, the SRS caseworker who conducted the videotaped interview, testified at trial. On redirect examination, the State asked Agler about H.C.'s attention span and her inability to discern between a blue shirt and a red shirt during the taped interview. The State asked the following question:

"Q. . . . In your opinion—you were at the interview—when she [H.C.] was talking about when she didn't understand pretend and when she got red and blue confused, was that at a point in time when she had lost her attention span?
"A. I really, at the time, didn't feel that she did. In fact, what I thought she didn't understand was not pretend, but she didn't understand the concept of truth."

H.C.'s testimony and that of Jim Agler established that H.C. was not able to discern the truth. The trial court abused its discretion in finding H.C. was "available" as a witness.

*Individualized finding of trauma to child victim*

In *State v. Eaton*, 244 Kan. 370, Syl. ¶ 4, 769 P.2d 1157 (1987), the court held that to satisfy the core right to confrontation, a trial court must make an individualized finding that in-court, face-to-face testimony by the child victim would so traumatize the child as to render the child unavailable or would prevent the child from reasonably communicating. Under *Eaton*, the State has the burden of proving by clear and convincing evidence that the child would be so traumatized as to be unavailable. 244 Kan. 370, Syl. ¶ 5. The *Eaton* court also ruled that a trial court cannot simply rely on the "legislatively imposed presumption of trauma" which underlies K.S.A. 22-3433. 244 Kan. at 378.

*State v. Chisholm*, 250 Kan. 153, 825 P.2d 147 (1992), involved the admission of a child victim's testimony under K.S.A. 22-3434. *Chisholm* abandons the *Eaton* test and, instead, requires that the trial court (1) hear evidence and determine the use of a one-way closed circuit in-court television procedure is necessary to protect the welfare of the particular child witness; (2) find the child witness would be traumatized not by the courtroom generally, but by the presence of the defendant; and (3) find the emotional distress suffered by the child witness in the presence of the defendant is more than de minimis. *Chisholm*, 250 Kan. 153, Syl. ¶ 5.

*Chisholm* concerns itself with a one-way closed circuit TV procedure as opposed to the videotaped testimony of a child victim as contemplated by K.S.A. 22-3433 and as involved in the present case. In any event, *Chisholm* also requires a particularized finding of trauma.

Further, *State v. Lamb*, 14 Kan. App. 2d 664, 798 P.2d 506, *rev. denied* 247 Kan. 706 (1990), does not apply under the facts of the present case. Here, there was no finding of trauma to the child, and the trial court did not interview H.C. until after the trial had already started. The State presented no evidence (in its motion or at trial) to prove H.C. would be traumatized by testifying. To the contrary, the record reveals that when H.C. encountered appellant in the judge's chambers, she spoke to him and then sat in his lap. Unlike the child victim in *Lamb*, H.C. did not testify; the trial court did not observe her prior to trial; and there is no evidence—clear

and convincing or otherwise—that she would have been trauma-
tized by testifying.

The trial court erred in failing to make a particularized finding
that H.C. would have been traumatized by testifying. Since H.C.'s
testimony was central to the State's case, we are unable to state
the error was harmless.

### K.S.A. 60-460(dd)

While not raised by the parties, an analysis of K.S.A. 60-460(dd)
is necessary since we are reversing and remanding. It is necessary
because under the facts of this case, the admission of the video-
taped testimony was subject to the statute and because there is a
serious conflict between K.S.A. 22-3433 and K.S.A. 60-460(dd).

Under K.S.A. 60-460(dd): A statement made by a child to prove
a crime is admissible in a criminal proceeding if:

"(1) The child is alleged to be the victim of the crime or offense; and
"(2) the trial judge finds, after a hearing on the matter, that the child is disqualified
or unavailable as a witness, the statement is apparently reliable and the child was
not induced to make the statement falsely by use of threats or promises."

If the statement is admitted, the trial court is required to give a
cautionary instruction to the jury that it is for the jury to determine
the statement's weight and credit. K.S.A. 60-460(dd).

In order to be admissible under K.S.A. 60-460(dd), the trial
court must hold a hearing to determine if the child is disqualified
or unavailable as a witness; if the child is found to be "unavailable,"
the trial court must find the child's statement is reliable and that
the child was not induced to make the statement falsely. *State v.
Kuone*, 243 Kan. 218, 220, 757 P.2d 289 (1988).

K.S.A. 60-460(dd) is applicable to the present case because our
Supreme Court has held that a child victim's statements and ac-
tions involving the use of anatomical dolls are hearsay. *State v.
Bratt*, 250 Kan. 264, 274, 824 P.2d 983 (1992). Accordingly, while
videotaped testimony of a child victim may be generally admissible
under K.S.A. 22-3433, where the testimony involves the use of
anatomical dolls, that testimony is also subject to the requirements
of K.S.A. 60-460(dd). See *Bratt*, 250 Kan. at 273; *Hutchcraft v.
Roberts*, 809 F. Supp. 846, 851 (D. Kan. 1992).

In the present case, the trial court made no finding that H.C. was unavailable as a witness; it made no finding that the statement was reliable; it held no hearing as required by K.S.A. 60-460(dd); and it gave no cautionary instruction.

This case demonstrates the inherent conflict between K.S.A. 22-3433 and K.S.A. 60-460(dd). Not only do the statutes conflict generally, they conflict directly and specifically in any case in which a child's videotaped testimony is admitted pursuant to K.S.A. 22-3433 where that testimony includes the use of anatomical dolls. How can a witness be both available and yet unavailable? How can a court be required to hold a hearing, yet not be required to hold a hearing? How can a court be required to give a cautionary instruction and yet not be required to give one? How can a finding that a child will be traumatized by testifying support a finding of both availability and unavailability? The only commonalities between the two statutes is that the child's testimony be reliable.

The conflict between the two statutes must eventually be addressed by our Supreme Court and/or the legislature. Meanwhile, we hold that where both statutes apply, as they do under the facts of the present case, K.S.A. 60-460(dd) takes precedence and controls the proceedings.

Appellant also claims the prosecutor's improper remarks during direct and cross-examination and closing argument prejudiced him and denied him a fair trial and claims the trial court erred in denying his motions for mistrial and for a new trial. We briefly discuss this issue since we are reversing and remanding for a new trial.

On direct examination of SRS caseworker Agler, the prosecutor made reference to the fact that appellant had previously been investigated by SRS. Appellant objected, and the trial court overruled the objection. On cross-examination of appellant, the prosecutor asked, "Now, sir, this is not the first time that you were investigated for allegedly abusing [H.C.], is it?" The trial judge sustained appellant's objection and admonished the jury.

During closing arguments, the prosecutor stated that

"[w]hat happened is that he molested this girl, not just once, but I think the evidence is clear a number of times or, otherwise, how did [H.C.] acquire this knowledge? We have not charged him with ten or twenty or thirty

counts. . . . We're asking that you just find that it happened once and convict him of just one count."

The trial court sustained appellant's objection but did not admonish the jury.

In *State v. Foster*, 259 Kan. 198, 207, 910 P.2d 848 (1996), the prosecutor alluded to the fact defendant may have committed similar crimes when he asked the defendant, "Has [*sic*] there been other times . . . [that] something like this has happened?" Our Supreme Court held the statement suggested to the jury that the defendant may have committed similar crimes and went on to declare it failed to "understand why a seasoned prosecutor would risk reversal by injecting such remarks during trial. Such comments are not now, nor have they ever been, sanctioned by this court." *Foster*, 259 Kan. at 208.

The parties should take guidance from *Foster* when retrying the present case on remand.

We need not address other issues raised by appellant.

Reversed and remanded for a new trial.